1  Patrick J. Van Zanen (SBN 021371)
   vanzanen@sackstierney.com
2  SACKS TIERNEY P.A.
   4250 N. Drinkwater Blvd., 4th Floor
3  Scottsdale, AZ 85251-3693
   Telephone:  480.425.2600
4
   Elchanan ("Elliott") Engel (*pro hac vice being applied for*)
5  ee@bbelaw.com
   BERMAN, BOYLE & ENGEL LLC
6  978 Route 45, Suite 107
   Pomona, New York 10970
7  Telephone: 667-217-5150

8  Attorneys for Plaintiff

9

10              **IN THE UNITED STATES DISTRICT COURT**

11                **FOR THE DISTRICT OF ARIZONA**

12

13  CONG. CASA GRANDE,

14          Plaintiff,                           No.

15  v.                                           **COMPLAINT**

16  ABRAHAM H. BREIER, JOSHUA                    **(Jury Trial Demanded)**
    LIEBERMAN, and CONG. KHAL
17  CHASIDIM,

18          Defendant.

19

20          Plaintiff, Cong. Casa Grande ("**Congregation**" or "**Plaintiff**"), through its undersigned

21  counsel, files this Complaint against Abraham H. Breier ("**Breier**"), Joshua Lieberman

22  ("**Lieberman**"), and Cong. Khal Chasidim ("**Khal**") (collectively, "**Defendants**"), and in support

23  thereof, alleges as follows:

24                          **INTRODUCTION**

25

26          Defendants engaged in a scheme to steal from and defraud the Congregation by

27  deceptively replicating the Congregation's name and logo in order to confuse donors into

28

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

donating to Defendants while reasonably believing they were donating to the Congregation. To carry out their scheme, Defendants created a nonprofit organization with a virtually identical name to Plaintiff's. After opening their nonprofit, Defendants engaged in subterfuge by directing donors to donate funds to Defendants while believing they were donating to the Congregation. Defendants even went so far as to pretend to act in the Congregation's interests, with the true intent of garnering information from Plaintiff to carry out their scheme.

As a direct and proximate result of Defendants' fraudulent scheme and donor confusion, Plaintiff has suffered actual and compensable damages in the form of diverted donations. In addition, Plaintiff has suffered and will continue to suffer irreparable injury to its name, goodwill, and reputation, as well as continued misdirected lost donations unless and until this Court enjoins Defendants from misusing Plaintiff's name and logo.

## **PARTIES**

1.      Plaintiff is a nonprofit corporation organized under the laws of Arizona with its principal place of business located at 1771 N. Agave St., Casa Grande, Arizona 85122. A true and existing copy of Plaintiff's Articles of Incorporation is attached as Exhibit A[1].

2.      Defendant Breier is an individual who resides at 1239 51st Street, Brooklyn, New York 11219.

3.      Defendant Lieberman is an individual who resides at 1674 E Kingman Pl, Casa

---

[1] Articles of Amendment were filed on March 3, 2021, adding Yehoishia Rubin as a Director of Cong. Casa Grande. A true and existing copy of the Articles of Amendment is attached as Exhibit B.

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

4198803

Grande, Arizona 85122.

4.    Defendant Khal is a nonprofit organization with its principal place of business located at 1674 E. Kingman Pl, Casa Grande, Arizona 85122. Lieberman is Khal's Secretary. A true and existing copy of Khal's Articles of Incorporation is attached as Exhibit C.

## JURISDICTION AND VENUE

5.    Plaintiff seeks relief under the federal Unfair Competition and False Advertising, Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and (B); thus, this Court has subject matter jurisdiction over Plaintiff's federal cause of action pursuant to 15 U.S.C.A. § 1121, 28 U.S.C.A. § 1331, and 28 U.S.C.A. § 1338.

6.    Because this Court has subject matter jurisdiction over Plaintiff's federal cause of action, this Court also has supplemental jurisdiction over Plaintiff's state causes of action pursuant to 28 U.S.C.A. § 1367 which grants this Court jurisdiction over state claims which form part of the same case or controversy under Article III of the United States Constitution. Additionally, the Court has jurisdiction over Plaintiff's unfair competition claim pursuant to 15 U.S.C.A. § 1121.

7.    The Court has general and specific personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4(k)(1)(A) and Ariz. R. Civ. P. 4.2. The Court has general and specific personal jurisdiction over Defendants Khal and Lieberman both of whom are domiciled in Arizona. The Court has specific personal jurisdiction over Defendant Breier and Constitutional Due Process is satisfied since Breier purposefully availed himself of the privilege of doing business in Arizona, the harm caused by Breier is connected to his purposeful engagement and was foreseeable, and it is not unreasonable or unfair to require

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

3

4198803

Breier to defend himself in Arizona where he chose to wrongfully solicit funds from Arizona residents, and caused significant financial harm to Plaintiff in Arizona.

8.      Venue is proper in this forum pursuant to 28 USC § 1391(b) and (c) because Defendants are doing and transacting business in this judicial district, a substantial part of the events or omissions giving rise to Plaintiff's claim in this case occurred in this district, Defendants have committed acts of infringement in this district, and Defendants caused financial harm to Plaintiff in this district.

## FACTUAL ALLEGATIONS

**A.      The Congregation Is Established and Becomes Well-Recognized in Arizona and New York.**

9.      The Hasidic Orthodox community in Casa Grande, Arizona, has grown exponentially since 2020 due to the efforts of Yehoishia Rubin, a visionary Hasidic Orthodox Jew, who moved to Casa Grande in 2020 with the goal of establishing a Hasidic Orthodox Community outside of New York with affordable housing that provides a full Hassidic community infrastructure.

10.      10.      To that end, on or about October 23, 2020, Mr. Rubin created Kehal Chasidim CG 1 LLC ("**KCCG**"). Because a synagogue is an essential part of Hasidic Orthodox life, Mr. Rubin used KCCG to purchase the building in order to open a synagogue. A true and existing copy of KCCG's articles of organization is attached as Exhibit D[2].

11.      On or about October 27, 2020, a nonprofit corporation known as "Cong. Casa Grande" was created and operated the synagogue on behalf of Cong. Casa Grande, naming

---

[2] An Article of Amendment was filed on March 28, 2025, removing a former member.

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

4198803

the synagogue "Khal Chasidim of Casa Grande." The Congregation's synagogue uses the property owned by KCCG.

12.    Over the next few years, the community flourished with the Congregation opening multiple religious locations in Casa Grande, Arizona, including synagogues, ritual baths, a school, and a Kosher grocery store, all with very significant funds donated by Mr. Rubin to the Congregation.

13.    Due to the efforts of Mr. Rubin on behalf of Plaintiff, the names "Khal Chasidim of Casa Grande" (the English version)"קהל חסידים ד'קאסא גראנדע" (the Hebrew version), "Khal Chasidim of Casa Grande קהל חסידים ד'קאסא גראנדע" (the English and Hebrew version used together), and "Congregation Khal Chasidim" (with the word "קהל" translated into "Congregation") (collectively, the "**Name**") became well-established in the Hassidic community in the United States, and indeed synonymous with Plaintiff who is the rightful owner of the Name.

14.    On or about October 31, 2022, Mr. Rubin opened, on behalf of Plaintiff, a nonprofit corporation called "Congregation Khal Chasidim," mirroring closely the name of the synagogue.   A true and existing copy of Congregation Khal Chasidim's Articles of Incorporation is attached as Exhibit E.  Likewise, on or about June 7, 2024, on behalf of Plaintiff, Mr. Rubin opened, the nonprofit "Cong. Khal Chasidim CG." A true and existing copy of Cong. Khal Chasidim CG's Articles of Incorporation is attached as Exhibit F.

15.    Plaintiff has always taken, and continues to take, responsibility for the day-to-day operations, including paying the bills on behalf of these entities. Moreover, Mr. Rubin, on behalf of Plaintiff, has used the email address and name of "khalchasidimcg@gmail.com"

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

5

4198803

since at least 2021. See Exhibit G. The email address is also displayed on Plaintiff's website, https://khalchasidimcg.com/, which launched on or about July 26, 2022.[3]

16.    Plaintiff actively invites guests from outside Casa Grande, Arizona to experience the community with the hope that they will make it their home, which includes many Hassidic vacationers from the East Coast who are able to enjoy the Arizona weather with a full Hasidic religious infrastructure in place.

17.    The vacationers and visitors generally leave a contribution to express appreciation to Plaintiff and to help defray the significant costs of operating the religious community after enjoying the religious accommodations provided by Plaintiff.

**B.    Defendants Hatch a Scheme to Confuse Donors and Defraud Plaintiff.**

18.    In early 2023, Defendants Breier and Lieberman decided to open a competing synagogue.

19.    Defendants, expectedly, faced an immediate hurdle right out of the block – Plaintiff and its religious infrastructure were well-established in the tight-knit Hasidic community while Defendants were unknown and had no funds. To circumvent this obvious problem, Defendants engaged in a deliberate scheme to divert funds intended for Plaintiff by defrauding potential donors.

20.    Specifically, on or about March 17, 2023, Defendants secretly founded their own non-profit corporation, with the deceptive name "Cong. Khal Chasidim," which is (1)

---

[3] *See* https://khalchasidimcg-com.translate.goog/shull.php?_x_tr_sl=auto&_x_tr_tl=en&_x_tr_hl=en&_x_tr_pto=wapp (translated into English)

4198803

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251–3693

essentially an exact replica of the entity "Congregation Khal Chasidim," belonging to Plaintiff; and (2) a name that had become well-established as being synonymous with Plaintiff and its religious infrastructure in the relevant community and in New York, where many potential donors reside. This way, Defendants could utilize Plaintiff's well-established Name to fool donors into donating to Defendants' new entity and synagogue while believing they were donating to Plaintiff.

21.    As described below, Defendants created a bank account with the name "Cong Khal Chasidim" as part of their scheme. Plaintiff was under the impression that the new entity was created for and behalf of Plaintiff and had no idea Defendants created the entity to steal from and scheme against Plaintiff.

22.    In furtherance of their scheme, to provide Plaintiff with a false sense of security, and to avoid definite and expected pushback by Plaintiff, Defendants intentionally disguised their scheme by pretending to open an unrelated synagogue that did not compete with the Congregation, by starting a new small synagogue inside a car garage of a private home, and even asked Mr. Rubin to financially support this endeavor. While Defendants represented this synagogue was going to be a separate unrelated shul, it turns out, this was a lie in furtherance of Defendants' scheme.

23.    On or about February 12, 2023, Defendant Lieberman and his company Stand Out Services, Inc. asked Plaintiff for approval of a logo created for Plaintiff. The logo is synonymous with Khal Chasidim of Casa Grande Congregation and is displayed prominently on Plaintiff's posters and website (hereinafter referred to as "**Logo**"). Importantly, the Logo contains Plaintiff's Name. The email correspondence with the attached Logo is attached as

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251–3693

4198803

Exhibit H.

24.    Lieberman (directly or with his wife) had always designed Plaintiff's organization letters and posters containing Plaintiff's Logo and has consistently billed Plaintiff for the Logos on behalf of his company Stand Out Services going back to as early as 2022.

25.    For example, on or about March 15, 2023, a mere two days before Defendants formed Cong. Khal Chasidim, Mr. Lieberman sent Plaintiff a letterhead[4] to be used on behalf of Plaintiff. A true and existing copy of the email correspondence is attached as Exhibit I.

26.    On or about March 22, 2023, Lieberman sent Plaintiff two posters concerning prayer times for Plaintiff's synagogue and Passover festivities, both with Plaintiff's Logos. A true and existing copy of the email correspondence is attached as Exhibit J.

27.    On March 30, 2023, Lieberman, again, sent Plaintiff a poster of rules of the community which he designed with Plaintiff's Logo for Plaintiff. A true and existing copy of the email correspondence, including the community rules, is attached as Exhibit K. Overall, Lieberman has created many letters, posters, and pictures on behalf of Plaintiff, including a number of them with Plaintiff's Logo. True and Existing copies of these letters and posters are attached as Exhibit L.

28.    On or about April 30, 2023, in response to Lieberman's request, Plaintiff sent him contact information for all of those who visited the Hasidic community in Casa Grande, Arizona. The spreadsheet contains over 800 names with email addresses and phone numbers.

---

[4] In this specific instance without the Logo.

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

29.     Upon information and belief, Lieberman requested this information with the intentional, explicit, and wrongful purpose of deceptively soliciting donations on behalf of Defendants using Plaintiff's Name and Logo. A true and existing copy of the email correspondence is attached as Exhibit M.

30.     On or about May 4, 2023, via email, Lieberman informed Plaintiff he set up an email platform and asked to add a popup to Plaintiff's website. He also asked how he can make sure people subscribing could get onto the list. Upon information and belief, Lieberman wanted people to subscribe to email updates to get their contact information as part of his ploy to divert funds from Plaintiff. A true and existing copy of the email correspondence is attached as Exhibit N.

31.     On or about May 9, 2023, Defendant Breier emailed Plaintiff with Defendant Lieberman copied, attaching a spreadsheet detailing the projected budget for the rest of 2023 for overhead expenses for all three of Plaintiff's synagogue locations.

32.     Breier suggested Mr. Rubin set up monthly wires of $4,000 to cover basic operational costs and asked Plaintiff to wire or deposit the money expeditiously to a specific account identified by Breier.  Breier wrote, "[w]e take our responsibility seriously and commit to providing full accountability" and that "[w]e will grant you or anyone you designate as your [representative], full access to review and guide us toward efficient management." In the email, Defendant Breier deceptively attached wiring instructions for "Cong Khal Chasidim."

33.     In other words, unbeknownst to Plaintiff, Defendants had already set up their new competing entity and their offer to help for Plaintiff's "own personal success and better

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251–3693

9

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

time management" was merely a guise to steal money from Plaintiff for Defendants' personal benefit. A true and existing copy of the email correspondence, including the logo, is attached as Exhibit O.

34.     In or about October 2023, Lieberman asked Mr. Rubin to tell all donors Lieberman was the contact person for all donations. Justifiably and reasonably, Mr. Rubin was under the impression Lieberman would act on behalf of, and in the best interests of, Plaintiff. Little did Mr. Rubin know, Defendants had opened a new account to divert potential donations and, to hide this fact, requested donors contact Mr. Lieberman regarding all donations. In one instance, Mr. Rubin was informed by Mr. Lieberman that another donor wished to donate $1,900 and that he received this donation. This happened many times. A true and existing copy of the messages are attached as Exhibit P.

35.     As if the diversion of funds from donors was not bad enough, to add insult to injury, on January 2, 2024, Mr. Rubin made a payment of over $2,000 to Mr. Lieberman thinking it was going to Plaintiff, when in reality the funds were diverted for Defendants' benefit.

36.     At least as recently as December 2023, Lieberman knew Plaintiff, not Defendants, was the owner of Plaintiff's Logo as Lieberman forwarded the Logo to Mr. Rubin on behalf of Plaintiff when someone asked Plaintiff for its Logo to use in a video presentation. A true and existing copy of the email correspondence, including the Logo, is attached as Exhibit Q.

37.     In late 2023, Lieberman installed credit card machines at the synagogue in Arizona and in synagogues in New York so that people in Arizona, New York, and all over

the United States could pay for donations and synagogue expenses utilizing the credit card machine. Instead of going to Plaintiff, the funds all went to Lieberman's bank account.

**C.    Plaintiff reaches out to Defendants.**

38.    On or about June 21, 2024, sensing something was amiss, Mr. Rubin, on behalf of Plaintiff, confronted Lieberman and Breier.  Mr. Rubin noted that Defendants had "created an account taking donations people donated to my congregation." Mr. Rubin asked Defendants for records and demanded that any money intended for Plaintiff in Defendants' possession be returned to Plaintiff.

39.    On or about June 24, 2024, in an email, Defendant Breier seemingly admitted he had money belonging to Plaintiff, but requested Plaintiff first make certain accounting changes before returning the funds to Plaintiff.

40.    Plaintiff responded to Defendants Breier and Lieberman the next day, informing them he believed the accounting changes were already completed. He then wrote that "[h]aving said that, I don't know why that was a condition for me getting a report on money that belongs to me. And now that it's done and all conditions met, can I finally get a report on my money after close to a year of being in the dark?" Defendants never responded despite numerous follow-ups by Plaintiff. A true and existing copy of the email correspondence, including the logo, is attached as Exhibit R.

41.    Since 2023, Defendants have unlawfully copied and used Plaintiff's Name: קהל חסידים ד'קאסא גראנדע "Khal Chasidim of Casa Grande" and have used Plaintiff's Logo to solicit donations on their website and elsewhere in New York and Arizona.

42.    On Google maps, Defendant Khal comes up as "קהל חסידים ד'קאסא גראנדע -Khal

11

4198803

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251–3693

Chasidim of Casa Grande," a replica of Plaintiff's Name. The address listed is the address of the Defendants at 1775 N. McDonald St. Casa Grande, Arizona 85122. A true and existing copy of the google maps page is attached as Exhibit S.

43.    43.    Defendants' website is located at: https://khalchasidim.nicepage.io/.[5] Plaintiff's Logo and Name is prominently displayed on the top of Defendants' website[6]. The website contains an icon labeled "Donate Now." When one clicks on the icon, they are directed to a payment page with the words: "Cong. Khal Chasidim D'Casa Grande" displayed on top of the page. A true and existing copy of the website is attached as Exhibit T. The website also provides that the "only income" for Defendants comes from vows and donations which are necessary for "community needs", "Aliyot Shabbat YT" (funds for getting called to the Torah), and "merits."[7]

44.    On the bottom of the website are Plaintiff's Logo and the words "© 2024 khalchasidimcg.org. Designed and Created by Stand Out Services."[8]  Again, Khal Chasidim CG is an entity created by Mr. Rubin on behalf of Plaintiff. Stand Out Services, through Defendant Lieberman, created the Logo for Plaintiff.

45.    As a result of Defendants' egregious and intentional conduct, donors visiting Defendants' webpage who donate for "community needs," "Aliyot Shabbat VTY", and

---

[5] *See* https://khalchasidim.nicepage.io/ (last visited June 30, 2025).

[6] *See id.*

[7] *See* https://khalchasidim.nicepage.io/%D7%A7%D7%94%D7%9C-%D7%97%D7%A1%D7%99%D7%93%D7%99%D7%9D.html (last visited June 5, 2025).

[8] *See* https://khalchasidim.nicepage.io/ (last visited June 30, 2025)

4198803

"merits", have no way of knowing that Defendants are posing as Plaintiff, and Defendants are diverting the donations for Defendants' benefit, to the financial detriment of Plaintiff.

46.    Although it's Plaintiff who is providing all the religious services in the community for the guests and regulars, the donors are deceived by Defendants into thinking Defendants, who only have a part time synagogue in a private car garage, are the ones providing the services

47.    Based on Defendants' intentional and deceptive practices, this Court should enter a money judgment in favor of Plaintiff, in an amount to be determined at trial, and permanently enjoin Defendants from using Plaintiff's Name and Logo.

<u>**COUNT I**</u>
**Lanham Act; False Designation of Origin (15 U.S.C. § 1125(a)(1)(A))**

48.    Plaintiff re-alleges and incorporates by reference each allegation averred in the other paragraphs of this Complaint as if set forth completely in this Count.

49.    15 U.S.C. § 1125(a)(1)(A) prohibits the use in commerce of any word, name, term, symbol, device, or combination thereof which is likely to cause confusion, cause mistake, or deceive as to the origin of services or commercial activities.

50.    Defendants have violated this statute by using in interstate commerce (including New York and Arizona) Plaintiff's Name and Logo which has and is likely to cause mistake and confusion as to the origin of services and commercial activities.

51.    Plaintiff owns a valid and protectable mark in its distinctive Name and Logo. Since 2020, Plaintiff has used the Name and Logo for its synagogue, including for soliciting donations on behalf of the synagogue in Arizona, New York, and other states.

52.    Plaintiff is widely recognized in Arizona, New York, and elsewhere by its

13

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

Name and Logo. Plaintiff's Name and Logo is inherently distinctive and has also acquired a secondary meaning to Hasidic Jews in Arizona and other states, including New York. Indeed, Plaintiff used this Name and Logo since 2020 as the name of the only Hasidic synagogue in Casa Grande, Arizona.

53.    As Defendants well-knew, Plaintiff extensively used this Name and the Logo in its advertising and promotional campaigns to raise funds for Plaintiff to benefit the synagogues, the community, Jewish ritual baths known as "Mikvahs," the schools, and to provide information such as prayer times and other activities at the synagogues. A true and existing copy of portions of a community message board containing the Mikvah fundraising activities together with the fundraising page is hereby attached as Exhibit U.

54.    Since 2023, Defendants have intentionally and continuously caused confusion to the public by creating and using the entity "Cong. Khal Chasidim" which is virtually indistinguishable from the entities Congregation Khal Chasidim and Cong. Khal Chasidim CG, both of which Mr. Rubin created on behalf of Plaintiff.

55.    Defendants have unlawfully used Plaintiff's Name and Logo to confuse potential donors and cause the donors to donate to Defendants while thinking they are donating to Plaintiff. Defendants' unlawful activities affect interstate commerce as Defendants have continuously used Plaintiff's Name and Logo to solicit donations from donors in Arizona, New York and other states, using the telephone, email, and other interstate wires.

56.    Because Plaintiff has a strong and distinctive mark in its Name and Logo, and because of the strong similarity between Plaintiff's Name and Defendants' name, there is a

14

4198803

high likelihood of confusion as a result of Defendants' infringing conduct.

57.    Adding to the donor confusion is the close proximity of the location of Plaintiff's synagogue and Defendant's synagogue. Defendants publicly identify their "synagogue" as located at 1775 N. McDonald Street, Casa Grande, AZ 85122.

58.    Plaintiff operates synagogues at 913 East 8th Street, Casa Grande, AZ, which is about 2 miles from Defendant's "synagogue," 1645 E Silver Reef Dr, Casa Grande, AZ, which is half a mile from Defendant's "synagogue," and 1561 East Alba Drive, Casa Grande, AZ, which is 1 mile from Defendant's "synagogue."

59.    Moreover, Defendants' scheme was targeted at unsophisticated donors and potential donors, with the ill intent of using and copying Plaintiff's Name to confuse donors.

60.    Defendants have directly caused, and continue to cause, confusion among potential and actual donors who think they are donating to Plaintiff but instead are donating to Defendants due to Defendants' unlawful copying and misuse of Plaintiff's Logo and Name.

61.    Plaintiff is entitled to an order from this Court preliminarily and permanently enjoining Defendants, their agents, employees, and others acting in concert with them from continuing to use the Name created by Mr. Rubin on behalf of Plaintiff, any name which is virtually indistinguishable from Plaintiff's Name that would cause donor confusion, and from using Plaintiff's Logo.

62.    Plaintiff is also entitled to recover statutory and actual damages, both in the form of lost donations and loss of goodwill, sustained because of Defendants' wrongful conduct including through Defendants' solicitation of donations from donors who donated

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251–3693

4198803

to Defendants while intending to donate to Plaintiff.

63.    Plaintiff is also entitled to recover, via disgorgement, Defendants' profits gained from their Lanham Act violations in addition to costs.

64.    Plaintiff is entitled to attorney's fees because of Defendants' fraudulent activity was undertaken with malice, ill will, and bad faith.

WHEREFORE, Plaintiff requests this Honorable Court enter a judgment in favor of Plaintiff and against Defendants in an amount not less than $500,000, plus pre- and post-judgment interest, and Plaintiff's costs. Plaintiff also requests this Honorable Court issue an injunction prohibiting Defendants from using Plaintiff's Name, any name which is virtually indistinguishable from Plaintiff's Name that would cause donor confusion, and Plaintiff's Logo in furtherance of any activities on behalf of Defendants. Plaintiff also requests this Court award Plaintiff with an accounting and disgorgement of the profits gained by Defendants' unlawful action.  Plaintiff also requests this Court award Plaintiff its reasonable attorney's fees and costs, and such other and further relief as this Court may deem just and proper.

## COUNT II
### Lanham Act; False Advertising (15 U.S.C. § 1125(a)(1)(B))

65.    Plaintiff re-alleges and incorporates by reference each allegation averred in the other paragraphs of this Complaint as if set forth completely in this Count.

66.    15 U.S.C. § 1125(a)(1)(B) prohibits the use in commerce of any word, name, term, symbol, device, or combination thereof which "in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities...."

16

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

67.    Defendants have violated this statute by using a name in commercial advertising and promotion, virtually indistinguishable and synonymous with Plaintiff's Name, which falsely advertises and misrepresents the nature, characteristic, quality, and origin of Defendants' commercial activities. Specifically, Defendants have falsely advertised and misrepresented to donors that they are donating to Plaintiff when in fact they are donating to Defendants.

68.    Plaintiff owns a valid and protectable mark in its distinctive Name and Logo. Since 2020, Plaintiff has used the Name and Logo for its synagogue, including for soliciting donations on behalf of the synagogue in Arizona, New York, and elsewhere.

69.    Plaintiff is widely recognized in Arizona, New York, and elsewhere by its Name and Logo. Plaintiff's Name and Logo is inherently distinctive and has also acquired a secondary meaning to Hasidic Jews Arizona, New York, and elsewhere. Plaintiff used this Name and its Logo since 2020 as the name of the only Hasidic synagogue in Casa Grande, Arizona.

70.    Defendants were well aware Plaintiff extensively used the Name and Logo in its advertising and promotional campaigns to raise funds for the synagogue, the community, Jewish ritual baths known as "Mikvahs," schools and to send out information such as prayer times and other activities at the synagogue.

71.    Since at least 2023, Defendants have continuously engaged in false advertising and misrepresentation by causing confusion to the public by creating the entity "Cong. Khal Chasidim," which is virtually indistinguishable from the entities Congregation Khal Chasidim and Cong. Khal Chasidim CG which were both created by Mr. Rubin on behalf of

4198803

Plaintiff.

72.    Defendants have intentionally and unlawfully used Plaintiff's Name and Logo in order to confuse donors and cause the donors to donate to Defendants while thinking they are donating to Plaintiff. Defendants' unlawful activities affect interstate commerce as Defendants have continuously used Plaintiff's Name and Logo to solicit donations from donors in Arizona, New York, and other states.  Because Plaintiff has a strong and distinctive mark in its Name and Logo, and because of the strong similarity between Plaintiff's Name and Defendants' name, there is a high likelihood of confusion as a result of Defendants' infringing conduct.

73.    Adding to the donor confusion is the close proximity of the publicly listed location of Plaintiff's synagogue and Defendant's synagogue. Defendant's synagogue is located at 1775 N. McDonald Street, Casa Grande, AZ 85122. Plaintiff has locations at 913 East 8th Street, Casa Grande, AZ, which is about 2 miles from Defendant's synagogue, 1645 E Silver Reef Dr, Casa Grande, AZ, which is half a mile from Defendant's synagogue, and 1561 East Alba Drive, Casa Grande, AZ, which is 1 mile from Defendant's synagogue.

74.    Moreover, donors and potential donors include unsophisticated parties, and Defendants had ill intent in adopting and copying Plaintiff's Name.

75.    Defendants have directly and intentionally caused confusion among potential and actual donors who think they are donating to Plaintiff but instead are donating to Defendants due to Defendants' unlawful copying of Plaintiff's Logo and Name.

76.    Plaintiff is entitled to an order from this Court preliminarily and permanently enjoining Defendants, their agents, employees and others acting in concert with them from

18

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251–3693

continuing to use the Name created by Mr. Rubin on behalf of Plaintiff and from continuing to use Plaintiff's Logo.

77.     Plaintiff is also entitled to recover statutory and actual damages sustained because of Defendants' wrongful conduct including through Defendants' solicitation of donations from donors who donated to Defendants while thinking they were donating to Plaintiff, including for lost donations and lost goodwill.

78.     Plaintiff is also entitled to recover, via disgorgement, Defendants' profits gained from their Lanham Act violations in addition to costs of the action.

79.     Plaintiff is entitled to attorney's fees because of Defendants' fraudulent activity and bad faith.

WHEREFORE, Plaintiff requests this Honorable Court enter a judgment in favor of Plaintiff and against Defendants in an amount not less than $500,000, plus pre- and post-judgment interest, and Plaintiff's costs. Plaintiff also requests this Honorable Court to issue an injunction prohibiting Defendants from using Plaintiff's Name, any name which is virtually indistinguishable from Plaintiff's name that would cause donor confusion, and Plaintiff's Logo in furtherance of any activities on behalf of Defendants. Plaintiff also requests this Court award Plaintiff with an accounting and disgorgement of the profits gained by Defendants' unlawful action.  Plaintiff also requests this Court award Plaintiff with its attorney's fees, and such other and further relief as this Court may deem just and proper.

## COUNT III
### Unlawful Acts or Practices Ariz. Rev. Stat. Ann. § 44-6561

80.     Plaintiff re-alleges and incorporates by reference each allegation averred in the other paragraphs of this Complaint as if set forth completely in this Count.

19

4198803

81.    Pursuant to Ariz. Rev. Stat. Ann. § 44-1522(B), "the violation of… chapter 19, article 1 of this title is declared to be an unlawful practice *and subject to enforcement under this article."* (emphasis added).

82.    Pursuant to Ariz. Rev. Stat. Ann. § 44-6561, "as applied to the planning, conduct or execution of a solicitation," it is unlawful to (1) "[k]nowingly using an emblem, device or printed matter belonging to or associated with a charitable organization without first being authorized in writing to do so by the charitable organization."; (2) "[k]nowingly using a name, symbol or statement so closely related or similar to that used by another charitable organization for the purpose of misleading a solicited person."; and (3) "k]nowingly making a representation to a person that another person sponsors, endorses or approves the solicitation if the other person has not given consent in writing to the use of that person's name for these purposes."

83.    Plaintiff owns a valid and protectable mark in its distinctive Name and Logo. Since 2020, Plaintiff has used the Name and Logo for its synagogue, including for soliciting donations on behalf of the synagogue in Arizona, New York, and elsewhere.

84.    Plaintiff is widely recognized in Arizona, New York, and elsewhere by its Name and Logo. Plaintiff's Name and Logo is inherently distinctive and has also acquired a secondary meaning to Hasidic Jews in Arizona, New York, and elsewhere. Plaintiff used this Name and its Logo since 2020 as the name of the only Hasidic synagogue in Casa Grande, Arizona

85.    Defendants have knowingly and intentionally used Plaintiff's Name and Logo without being authorized in writing to do so by Plaintiff. Defendants have also used a name

4198803

and symbol so closely related to Plaintiff's Name and Logo for the purpose of misleading actual and prospective donors and have knowingly misrepresented that Plaintiff approves of Defendants' solicitations.

86.    Defendants were well aware Plaintiff extensively used the Name and Logo in its advertising and promotional campaigns to raise funds for the synagogue, the community, Jewish ritual baths known as "Mikvahs," schools and to send out information such as prayer times and other activities at the synagogue.

87.    Since 2023, Defendants have continuously engaged in false advertising and misrepresentation by causing confusion to the public by creating the entity "Cong. Khal Chasidim," which is virtually indistinguishable from the entities Congregation Khal Chasidim and Cong. Khal Chasidim CG which were both created by Mr. Rubin on behalf of Plaintiff.

88.    Defendants have unlawfully used Plaintiff's Name and Logo with the specific intent to confuse donors and cause the donors to donate to Defendants while thinking they are donating to Plaintiff.  Because Plaintiff has a strong and distinctive mark in its Name and Logo, and because of the strong similarity between Plaintiff's Name and Defendants' name, there is a high likelihood of confusion as a result of Defendants' misleading conduct.

WHEREFORE, Plaintiff requests this Honorable Court enter a judgment in favor of Plaintiff and against Defendants in an amount not less than $500,000, plus pre- and post-judgment interest, and Plaintiff's costs. Plaintiff also requests this Honorable Court to award Plaintiff with punitive damages because of Defendants' wanton and reckless actions. Plaintiff also requests this Court to issue an injunction prohibiting Defendants from using the name

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251–3693

21

4198803

Khal Chasidim D'Khal Grande Arizona, Congregation Khal Chasidim, and Plaintiff's Logo in furtherance of any activities on behalf of Defendants and such other and further relief as this Court may deem just and proper.

<u>COUNT IV</u>
<strong>Tortious Interference with Prospective Business Advantage</strong>

89.    Plaintiff re-alleges and incorporates by reference each allegation averred in the other paragraphs of this Complaint as if set forth completely in this Count.

90.    Since 2020, Plaintiff has used its Name and Logo for its synagogue, including for soliciting donations on behalf of the synagogue in Arizona, New York, and elsewhere. Plaintiff is widely recognized in Arizona, New York, and elsewhere by this Name and Logo.

91.    Plaintiff had a business relationship with specific and identifiable donors and supporters who donated funds to Plaintiff in return for, and/or in support of, the religious services and accommodations provided by Plaintiff.

92.    Defendants were well-aware of these relationships and intentionally interfered with the relationships by setting up an entity with an almost identical name as Plaintiff's Name and Logo to confuse donors. Defendants also deceived Plaintiff into providing Defendants with a list of donors to allow Defendants to trick those donors into donating to Defendants while thinking they were donating to Plaintiff.

93.    As a direct and proximate result of Defendants' deceptive conduct described herein, Plaintiff lost the prospective business advantage of obtaining donated funds from Donors, and was damaged when donors donated to Defendants while believing they were donating to Plaintiff.

WHEREFORE, Plaintiff requests this Honorable Court enter a judgment in favor of

22

4198803

Plaintiff and against Defendants in an amount not less than$500,000, plus pre- and post-judgment interest, and Plaintiff's costs. Plaintiff also requests this Honorable Court to award Plaintiff with punitive damages in an amount not less than $1 million based on Defendants' intentional and egregious misconduct. Plaintiff also requests this Court to issue an injunction prohibiting Defendants from using the name Khal Chasidim D'Khal Grande Arizona, Congregation Khal Chasidim, and Plaintiff's Logo in furtherance of any activities on behalf of Defendants and such other and further relief as this Court may deem just and proper.

## COUNT V
### Unfair Competition Under Arizona Law (Trademark Infringement, False Advertising, Palming or Passing Off, and Misappropriation)

94.    Plaintiff re-alleges and incorporates by reference each allegation averred in the other paragraphs of this Complaint as if set forth completely in this Count.

95.    The essence of an unfair competition claim under Arizona law is confusion to the public. The doctrine entails trademark infringement, false advertising, "palming off," and misappropriation.

96.    "Palming off" or "passing off" consists of making a false representation tending to induce others to believe the defendant's product is the plaintiff's product.

97.    Since 2020, Plaintiff has used its Name and Logo, including for soliciting donations on behalf of the synagogue in Arizona, New York, and elsewhere. Plaintiff is widely recognized in Arizona, New York, and elsewhere by this Name and Logo.

98.    Plaintiff extensively used this Name and the Logo in its advertising and promotional campaigns to raise funds for the synagogue and communicate information such as prayer times and other activities at the synagogue. Plaintiff's fundraising on behalf

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251–3693

23

4198803

Plaintiff, including for the construction of Jewish ritual baths knowns as Mikvahs and schools.

99.     Plaintiff uses the Name on its website as it describes the name of the main synagogue in Casa Grande, Arizona since 2020, including all activities which take place at and for a synagogue, including raising donations for the synagogue's activities and functions.

100.     Plaintiff's Name and Logo is distinctive as it is the well-established name of the main Hasidic Orthodox synagogue in Casa Grande, Arizona, and has acquired a secondary meaning to Hasidic Jews both in Arizona, New York, and elsewhere.

101.     Plaintiff used this Name and its Logo since 2020 as the name of the only Hasidic synagogue in Casa Grande, Arizona. Plaintiff extensively used this Name and the Logo in its advertising and promotional campaigns to raise funds for Plaintiff and to communicate information such as prayer times and other activities at the synagogue.

102.     Since at least 2023, Defendants have engaged in unfair competition through trademark infringement, false advertising, palming or passing off, and misappropriation. Defendants have been "palming off" or "passing off" Plaintiff's Name and Logo as its own and engaged in trademark infringement by creating the entity "Cong. Khal Chasidim" which is virtually indistinguishable from the entities Congregation Khal Chasidim and Cong. Khal Chasidim CG which were both created by Mr. Rubin on behalf of Plaintiff.

103.     Defendants have unlawfully misappropriated, infringed upon, and "palmed off" and "passed off" Plaintiff's Name and Plaintiff's Logo to confuse donors and cause donors to donate to Defendants while thinking they are donating to the Plaintiff. Defendants falsely advertise to the public that they are a branch of Plaintiff to induce donors to donate to

24

4198803

Defendants instead of Plaintiff when in reality and unbeknownst to donors Defendants are soliciting donations on behalf of themselves.

104. Defendants' unfair competition has caused confusion among potential and actual donors who believe they are donating to Plaintiff but instead are donating to Defendants due to Defendants' unlawful use of Plaintiff's Logo and Name.

105. Defendants have always acted in bad faith as they were well-aware of Plaintiff's relationships and goodwill with its donors and intentionally interfered with these relationships by using an entity with an almost identical name as Plaintiff's Name to confuse donors. Defendants also deceived Plaintiff into providing Defendants with a list of donors to trick those donors into donating to Defendants instead of Plaintiff.

106. Through the acts described herein, Defendants have also willfully and knowingly engaged in unfair acts and practices and unfair methods of competition, including by misappropriating Plaintiff's well-established goodwill in the Hasidic community to confuse and deceive donors.

107. Defendants' actions were anti-competitive, commercially immoral, unethical, and have caused and threatens to continue to cause substantial injury to Plaintiff.

108. Plaintiff is entitled to an order from this Court preliminarily and permanently enjoining Defendants, their agents, employees and others acting in concert with them from continuing to use the Name both created by Mr. Rubin on behalf of Plaintiff, any name which is virtually indistinguishable from Plaintiff's Name that would cause donor confusion, and Plaintiff's Logo.

109. Plaintiff is also entitled to recover actual damages sustained because of

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251–3693

25

Defendants' wrongful conduct including through Defendants' solicitation of donations from donors who donated to Defendants while thinking they were donating to Plaintiff.

WHEREFORE, Plaintiff requests this Honorable Court enter a judgment in favor of Plaintiff and against Defendants in an amount not less than $500,000, plus pre- and post-judgment interest, and Plaintiff's costs. Plaintiff also requests an accounting of profits to disgorge the money Defendants received as a result of their wrongful conduct. Plaintiffs also seek punitive damages in an amount not less than $1 million based on Defendants' egregious behavior. Plaintiff also requests this Honorable Court to issue an injunction prohibiting Defendants from using Plaintiff's Name, any name which is virtually indistinguishable from Plaintiff's Name that would cause donor confusion, and Plaintiff's Logo in furtherance of any activities on behalf of Defendants and such other and further relief as this Court may deem just and proper.

## COUNT VI
### Conversion and Civil Theft

110.    Plaintiff re-alleges and incorporates by reference each allegation averred in the other paragraphs of this Complaint as if set forth completely in this Count.

111.    An action for conversion of money lies where there are specific, identifiable funds and an obligation to return or otherwise treat in a particular manner the funds in question.

112.    Donors, including Mr. Rubin, made specific donations to Defendants under specific accounts while under the belief and impression they were giving the funds to Plaintiff via payments to Plaintiff's account.

113.    As mentioned above, in May 2023, Defendants set up an account and

deceptively attached wiring instructions for "Cong Khal Chasidim." Defendants claimed that this account was meant for funds to be sent to Plaintiff. Instead, Defendants solicited funds and donations to this account from donors who believed they were donating to Plaintiff, when in reality this account was for the sole benefit of Defendants, at the direct expense of Plaintiff.

114.     Likewise, Defendant Lieberman reached out to Mr. Rubin and discussed opening an account to collect funds for Plaintiff with the true purpose of using the account to collect funds for Defendants' benefit.

115.     Using Plaintiff's goodwill and these accounts, Defendants solicited specific amounts of funds made by donors to these segregated accounts. Defendants had an obligation to give these donations to Plaintiff but instead converted these funds to themselves.

116.     In sum, Defendants converted funds intended for Plaintiff by tricking and deceiving unsuspecting donors to send funds to a segregated bank account benefiting Defendants, not Plaintiff.

WHEREFORE, Plaintiff requests this Honorable Court enter a judgment in favor of Plaintiff and against Defendants in an amount not less than $500,000, plus pre- and post-judgment interest, and Plaintiff's costs. Plaintiff also requests an accounting of profits to disgorge the money received by Defendants as a result of their wrongful conduct. Plaintiffs also seek punitive damages in an amount not less than $1 million based on Defendants' egregious behavior. Plaintiff also requests this Court impose a constructive trust on all funds and donations rightfully belonging to Plaintiff currently possessed or controlled by Defendants as it would be inequitable for Defendants to be unjustly enriched by these funds and donations. Plaintiff also requests this Honorable Court to issue an injunction prohibiting

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

4198803

Defendants from using Plaintiff's Name, any name which is virtually indistinguishable from Plaintiff's Name that would cause donor confusion, and Plaintiff's Logo in furtherance of any activities on behalf of Defendants, and such other and further relief as this Court may deem just and proper.

### COUNT VII
### Civil Conspiracy

117.    Plaintiff re-alleges and incorporates by reference each allegation averred in the other paragraphs of this Complaint as if set forth completely in this Count.

118.    The Defendants worked in concert with the express and intentional purpose of diverting donations intended for Plaintiff to Defendants.

119.    Each of the Defendants not only knew about the diversion of funds, but took overt acts in furtherance of the scheme including, deceptively obtaining donor lists from Plaintiff, misusing Plaintiff's Name and Logo, and diverting funds intended for Plaintiff to bank accounts owned and controlled by Defendants.

120.    Defendants Brier, Lieberman, and Khal conspired together to engage in Defendants' scheme and confuse donors into donating on behalf of Defendants while under the impression they were donating to Plaintiff and thus conspired with one another to commit the underlying torts specified in Counts III through VI of this Complaint.

WHEREFORE, Plaintiff requests this Honorable Court, as damages and remedies for the underlying torts specified previously in this Complaint, to enter a judgment in favor of Plaintiff and against Defendants in an amount not less than $500,000, plus pre- and post-judgment interest, and Plaintiff's costs. Plaintiff also requests an accounting of profits to disgorge the money received by Defendants as a result of their wrongful conduct. Plaintiffs

28

also seek punitive damages in an amount not less than $1 million based on Defendants' egregious behavior. Plaintiff also requests this Honorable Court to issue an injunction prohibiting Defendants from using Plaintiff's Name, any name which is virtually indistinguishable from Plaintiff's Name that would cause donor confusion, and Plaintiff's Logo in furtherance of any activities on behalf of Defendants, and such other and further relief as this Court may deem just and proper.

## COUNT VIII
### Breach of Fiduciary Duty

121.   Plaintiff re-alleges and incorporates by reference each allegation averred in the other paragraphs of this Complaint as if set forth completely in this Count.

122.   A fiduciary relationship is a confidential relationship whose attributes include great intimacy, disclosure of secrets, and entrustment of power. Moreover, an employee owes his employer fiduciary duties including the duties to act in good faith and loyally in furtherance of his employer's interest in matters concerning his agency.

123.   Defendants had a fiduciary relationship with Plaintiff in connection with fundraising activities. For example, Defendant Lieberman created Plaintiff's Logo for Plaintiff and created numerous posters and letters for Plaintiff with the Logo and Plaintiff's name. Defendant Lieberman also reached out to Plaintiff to set up an email platform as a pop up to the website in order to get Plaintiff's contacts so that Lieberman could send out blast emails to Plaintiff's contacts.

124.   Indeed, as late as January 2024, Defendant Lieberman posted pictures on a Yiddish blog purporting to show he still worked for Plaintiff. While working for Plaintiff, Defendant Lieberman asked Plaintiff for a list of potential donors in the community.

4198803

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

125.    Defendant Breier also made clear he had a fiduciary relationship with Plaintiff in his correspondence with Plaintiff in June 2024 when he told Plaintiff that he collected money "and administered the needs of the shuls [synagogues]." Defendant Breier described all of the work he allegedly did for the synagogue along with others, including Defendant Lieberman who was in charge of "bookkeeping" and who also assisted with cleaning and maintenance duties.

126.    Additionally, Defendant Breier emailed Plaintiff, with Defendant Lieberman copied, in May 2023, attaching an excel spreadsheet detailing the projected budget for Plaintiff. Breier explained, "[o]ur goal is to lessen your day-to-day task of site and budgetary management. We take our responsibility seriously and commit to provide full accountability. We will grant you or anyone you designate as your rep, full access to review and guide us toward efficient management."

127.    Breier insisted that "[w]e are willing to dedicate of our valuable time to setup our [holy community] on a solid financial footing." To that end, Defendant Breier asked Plaintiff to make monthly wires to an account labeled "Cong Khal Chasidim", with Defendant Lieberman's email address attached. Thus, Defendants had a fiduciary relationship with Plaintiff in connection with fundraising and other activities.

128.    Despite having a duty of undivided care and loyalty to Plaintiff and a duty to avoid self-dealing, Defendants abused the relationship in order to carry out their scheme and confuse donors into donating to Defendants while believing they were donating to Plaintiff.

129.    Defendants' breach was willful, malicious, and intended to wrongfully benefit Defendants to the direct and proximate detriment to Plaintiff.   Indeed, Plaintiff has been

4198803

damaged dollar-for-dollar in the amount of all donations made to Defendants' fraudulent "synagogue."

WHEREFORE, Plaintiff requests this Honorable Court enter a judgment in favor of Plaintiff and against Defendants in an amount not less than $500,000, plus pre- and post-judgment interest, and Plaintiff's costs. Plaintiff also requests an accounting of profits to disgorge the money received by Defendants as a result of their wrongful conduct. Plaintiff also requests this Court impose a constructive trust on all funds and donations rightfully belonging to Plaintiff currently possessed or controlled by Defendants as it would be inequitable for Defendants to be unjustly enriched by these funds and donations. Plaintiff also requests this Honorable Court award Plaintiff with punitive damages in an amount not less than $1 million based on Defendants' intentional and egregious misconduct. Plaintiff also requests this Honorable Court to issue an injunction prohibiting Defendants from using Plaintiff's Name, any name which is virtually indistinguishable from Plaintiff's Name that would cause donor confusion, and Plaintiff's Logo in furtherance of any activities on behalf of Defendants, and such other and further relief as this Court may deem just and proper.

## COUNT IX
### Aiding and Abetting Breach of Fiduciary Duties

130.    Plaintiff re-alleges and incorporates by reference each allegation averred in the other paragraphs of this Complaint as if set forth completely in this Count.

131.    As set forth above, Defendants Breier and Lieberman each breached their fiduciary duties to Plaintiff. Moreover, Breier, Lieberman, and Khal were well-aware they were substantially assisting each other and encouraging one another in the achievement of their respective breaches of fiduciary duties. Breier, Lieberman, Khal worked hand-in-hand

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

4198803

to create the entity "Cong. Khal Chasidim" which is virtually indistinguishable from the entities Congregation Khal Chasidim and Cong. Khal Chasidim CG which were both created by Mr. Rubin on behalf of Plaintiff. They also assisted one another to confuse and cause donors to donate to Defendants while thinking they were donating to Plaintiff.

132.    Defendant Breier emailed Plaintiff, with Defendant Lieberman copied, in May 2023, attaching an excel spreadsheet detailing the projected budget for Plaintiff. Breier explained that "Our goal is to lessen your day-to-day task of site and budgetary management. We take our responsibility seriously and commit to provide full accountability. We will grant you or anyone you designate as your rep, full access to review and guide us toward efficient management."

133.    Directly contrary to Breier's promise, Defendants conspired together to steal Plaintiff's funds in flagrant violation of their basic and fundamental fiduciary duties.

WHEREFORE, Plaintiff requests this Honorable Court, as damages and remedies for the underlying torts, including breach of fiduciary duty specified in Count VIII, to enter a judgment in favor of Plaintiff and against Defendants in an amount not less than $500,000, plus pre- and post-judgment interest, and Plaintiff's costs. Plaintiff also requests an accounting of profits to disgorge the money received by Defendants as a result of their wrongful conduct. Plaintiff also requests this Court impose a constructive trust on all funds and donations rightfully belonging to Plaintiff currently possessed or controlled by Defendants as it would be inequitable for Defendants to be unjustly enriched by these funds and donations. Plaintiff also requests this Honorable Court award Plaintiff with punitive damages in an amount not less than $1 million based on Defendants' intentional and

4198803

egregious misconduct. Plaintiff also requests this Honorable Court to issue an injunction prohibiting Defendants from using Plaintiff's Name, any name which is virtually indistinguishable from Plaintiff's Name that would cause donor confusion, and Plaintiff's Logo in furtherance of any activities on behalf of Defendants, and such other and further relief as this Court may deem just and proper.

## COUNT X
### Unjust Enrichment (in the alternative)

134.    Plaintiff re-alleges and incorporates by reference each allegation averred in the other paragraphs of this Complaint as if set forth completely in this Count.

135.    As described above, Defendants have engaged in fraudulent and unlawful behavior, including by using Plaintiff's Name and names virtually indistinguishable from Plaintiff's Name, to continuously cause confusion to donors and the public, with the intended purpose of diverting funds intended for Plaintiff.

136.    Because of Defendants' intentional, fraudulent, and unlawful behavior, Defendants have been unjustly enriched at Plaintiff's expense and impoverishment as the public and donors have donated to Defendants while under the false impression they were donating to Plaintiff. There is a direct connection between Defendants' unjust enrichment of donations and Plaintiff's impoverishment of those very same donations.

137.    Good conscience militates against permitting Defendants to retain the donations intended for Plaintiff which Defendants fraudulently procured by deceiving would-be donors from donating to Plaintiff and instead donating to Defendants.

138.    Plaintiff is entitled to legal remedies based on its other causes of action. To the extent this Honorable Court were to find otherwise, Plaintiff would be left with no legal

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

33

4198803

1    remedy.

2                        **JURY TRIAL DEMANDED**

3          139.   Plaintiff requests a jury trial.

4          WHEREFORE, if this Court were to hold Plaintiff has no other legal remedy, then

5    Plaintiff requests this Honorable Court to impose a constructive trust on all funds and

6    donations rightfully belonging to Plaintiff currently possessed or controlled by Defendants

7    as it would be inequitable for Defendants to be unjustly enriched by these funds and

8    donations. Plaintiff also requests this Honorable Court enter a judgment in favor of Plaintiff

9    and against Defendants in an amount not less than $500,000, plus pre- and post-judgment

10   interest, and Plaintiff's costs, and such other and further relief as this Court may deem just

11   and proper.

12         DATED this 1st day of August, 2025.
13                                            SACKS TIERNEY P.A.
14
15
16
17                                       By: s/ Patrick J. Van Zanen
18                                            Patrick J. Van Zanen
                                              Attorneys for Plaintiff

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251–3693

34

4198803

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on August 1, 2025, I electronically transmitted the foregoing

3    Complaint to the Clerk's Office using the CM/ECF System for filing.

4

5    *s/ Brittany Crane*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

35

4198803